IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SARAH J. BUKSA, )
 )
 Plaintiff, )
 )
 v. ) Civil Action No. 09-201J
 )
MICHAEL J. ASTRUE, )
COMMISSIONER OF )
SOCIAL SECURITY, )
 )
 Defendant. )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 1st day of September, 2010, upon due consideration of the parties' cross-motions for summary judgment[1] pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 13) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

---

[1] The court will construe Document No. 13, filed by plaintiff *pro se*, as a motion for summary judgment.

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application[2] for disability insurance benefits[3] on November 8, 2006, and her pending application for supplemental security income on November 30, 2006, alleging in both applications a disability onset date of October 1, 2002, due to back and hip problems and depression. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on October 15, 2008, at which plaintiff, represented by counsel, appeared and testified. On October 28, 2008, the ALJ issued a decision finding that plaintiff is not disabled. On June 30, 2009, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

---

[2] The record shows that plaintiff filed prior applications for disability insurance benefits and supplemental security income on July 19, 2004, which were denied in a decision dated August 16, 2006. The Appeals Council later denied a request for review of that decision. Accordingly, the finding of not disabled for the time period prior to August 16, 2006, is binding.

[3] For purposes of plaintiff's Title II application, the ALJ found that plaintiff had acquired sufficient quarters of coverage to remain insured only through December 31, 2007. Accordingly, in order to be eligible for Title II benefits, plaintiff was required to show that she became disabled prior to that date.

Plaintiff was 45 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). She reported in her application that she completed one year of college indicating that she has at least a high school education. (R. 168). Plaintiff has past relevant work experience as a nurse's aid and warehouse worker/stocker, but she has not engaged in any substantial gainful activity during the relevant time period.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe physical impairments of lumber and cervical spine degenerative disc disorder, as well as a number of severe mental impairments, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a limited range of sedentary work with certain restrictions recognizing the limiting effects of her physical and mental impairments. (R. 23). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including addresser, electronic assembler and table worker.

Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff is not disabled.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[4] for determining whether a claimant is under a disability. 20 C.F.R. §§404.1520 and

---

[4] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a and 416.920a.

416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff alleges that the ALJ improperly evaluated the medical evidence and substituted his own opinion for those of medical specialists, whose opinions the ALJ erroneously gave little weight. Upon review, the court is satisfied that the ALJ properly evaluated the medical evidence and that all of the ALJ's findings are supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) & 416.927(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) & 416.927(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and the court finds no error in

the ALJ's conclusions. As to the limitations arising from plaintiff's mental impairments, the ALJ expressly addressed the opinions from both Dr. Kennedy, a consultative psychologist, and Dr. Cassone, an examining psychiatrist, and explained why he did not give those opinions significant weight.

In particular, the ALJ noted that Dr. Kennedy's assessment that plaintiff has marked limitations in various areas of functioning is inconsistent with his own findings and the other clinical findings of record. (R. 22). The ALJ noted that Dr. Kennedy's objective findings were benign[5] and that plaintiff had no inpatient admissions and otherwise only "half-hearted" attempts at mental health intervention. Id. The court is satisfied that the ALJ's decision to afford little weight to Dr. Kennedy's assessment of marked limitations is supported by substantial evidence.

Likewise, the ALJ adequately explained his rationale for giving little weight to Dr. Cassone's opinion "doubting" plaintiff's ability to deal with job stress. (R. 22). The ALJ noted that Dr. Cassone's opinion was inconsistent with his own objective findings[6], as well as those of Dr. Kennedy. (R. 23).

---

[5] Dr. Kennedy found that plaintiff had poor abstract thinking but otherwise had goal-directed stream of thought, normal information and intelligence, good concentration and intact memory. He also found that plaintiff had fair insight, full orientation and good reliability.

[6] Dr. Cassone reported that plaintiff had no significant mood swings, no psychosis, no delusions, good appetite, no thought disorder, no obsessions and no phobias.

In light of these inconsistencies, the ALJ's decision to give little weight to Dr. Cassone's assessment that plaintiff cannot work because of her mental limitations also is supported by substantial evidence. Furthermore, the ultimate determination of disability under the social security regulations is for the Commissioner and the opinion of any medical source on that determination never is entitled to special significance. 20 C.F.R. §§404.1527(e) and 416.927(e); SSR 96-5p.

The ALJ thoroughly discussed all of the relevant medical evidence in his decision and, to the extent he gave little or no weight to any particular evidence, he adequately explained his reasons for doing so. Based upon his review of the <u>entire</u> record, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing <u>any</u> substantial gainful activity as suggested by Dr. Kennedy and Dr. Cassone. Because those opinions are not supported by the objective medical evidence and are inconsistent with other substantial evidence in the record, including their own findings, the ALJ did not err in not giving those opinions controlling, or even significant, weight. 20 C.F.R. §§404.1527(d) & 416.927(d); SSR 96-2p.

As to the limitations arising from plaintiff's physical impairments, the ALJ also expressly addressed the opinion of Dr. Pote, a consultative physician, and gave that opinion great weight except to the extent the report placed severe limits on plaintiff's ability to lift, carry and bend, which the ALJ Found to be inconsistent with the objective findings. (R. 26).

The court has reviewed the record and is satisfied that the ALJ's evaluation of Dr. Pote's assessment is supported by substantial evidence.

Although not specifically raised by plaintiff in her *pro se* filing, the court also has reviewed the ALJ's credibility determination and is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations in arriving at his residual functional capacity finding.[7]

In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but <u>also</u> considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record. In doing so, the ALJ found plaintiff's subjective complaints of pain and limitations inconsistent with the totality of the circumstances. (R. 23-24). In making his credibility finding the ALJ adhered to the standards set forth in 20 C.F.R. §§404.1529(c) and 416.929(c) and SSR 96-7p and adequately explained the basis for his credibility determination in his decision. The court is satisfied that the ALJ's credibility determination is supported by substantial evidence in the record.

---

[7] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999); <u>see also</u> SSR 96-7p.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                                        */s/ Gustave Diamond*
                                                       Gustave Diamond
                                                       United States District Judge

cc: Sarah J. Buksa (pro se)
    369 Edith Avenue
    Johnstown, PA 15906

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    319 Washington Street
    Room 224, Penn Traffic Building
    Johnstown, PA 15901